IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARISSA TORRES, Individually and On Behalf of All Similarly Situated Persons, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-cv-0212 |
| CHAMBERS PROTECTIVE SERVICES, INC., JOHN CHAMBERS, CHRISTINA CHAMBERS, JAMES CHAMBERS, AMBER CHAMBERS ARRIAGA, and ALLEN CHAMBERS, | § § § § § § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Chambers Protective Services, Inc. ("CPS"), and its owners/control persons John Chambers, Christina Chambers, James Chambers, Amber Chambers Arriaga, and Allen Chambers, have a business plan that includes hiring hourly security guards and misclassifying them as independent contractors. Defendants do this in order to avoid paying overtime as required under the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), and to gain an unfair advantage over competitors who follow the law in their employment practices. Upon information and belief, at times Defendants charge overtime pay to their customers for the work Plaintiff and other security guards do, but Defendants still pay these workers "straight time," i.e., the same hourly rate for all hours worked. Plaintiff Marissa Torres ("Torres" or "Plaintiff") is one of the many workers hired by Defendants as security guard "contractor." Torres brings this lawsuit on her own behalf and on behalf of her former coworkers against Defendants to recover unpaid overtime and associated relief under the FLSA.

## Facts Supporting Relief

### Allegations Related to Plaintiff's and Her Coworkers' Claims

1. Torres worked for CPS as a security guard from March of 2017 until August 29, 2020.

2. Torres's duties included, but were not limited to, providing security guard services for CPS's customers, usually in 12-hour shifts overnight.

3. During the time she worked for CPS, Torres regularly worked in excess of 40 hours per week.

4. CPS paid Torres on an hourly basis.

5. CPS did not pay Torres an overtime premium for any of the hours she worked in excess of 40 in a workweek. Instead, CPS paid Torres the same hourly rate for all the hours she worked ("straight time").

6. Torres worked with numerous other individuals who CPS also paid on an hourly basis and who were also misclassified as independent contractors.

7. These individuals were also security guards who also regularly worked over 40 hours per week.

8. CPS did not pay them overtime pay for hours they worked in excess of 40 per workweek. Instead, CPS also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

### Allegations Regarding FLSA Coverage

9. Defendant CPS is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

10. During each of the three years prior to this complaint being filed, CPS was an

enterprise engaged in interstate commerce.

11. During each of the three years prior to this complaint being filed, CPS's security guards regularly traveled on interstate highways to job locations.

12. During each of the three years prior to this complaint being filed, CPS regularly purchased goods through commerce, that is, items that originated outside of the State of Texas.

13. During each of the three years prior to this complaint being filed, CPS regularly conducted transactions through interstate commerce, including the use of credit cards, interstate telephone networks, electronic mail, and the Internet.

14. In 2020, CPS provided security guard and gate guard services to CPS's customers at locations outside of Texas.

15. In 2019, CPS provided security guard and gate guard services to CPS's customers at locations outside of Texas.

16. In 2018, CPS provided security guard and gate guard services to CPS's customers at locations outside of Texas.

17. In 2017, CPS provided security guard and gate guard services to CPS's customers at locations outside of Texas.

18. During each of the three years prior to this complaint being filed, CPS regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by Sections 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

19. During 2020, CPS has conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

20. During 2019, CPS conducted sufficient business to exceed an annual gross

volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

21. During 2018, CPS conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

22. During 2017, CPS conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

23. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, vehicles, equipment and materials that have been moved in interstate commerce, including but not limited to credit cards, cell phones, and computers.

**Plaintiff's Claims**

24. CPS was legally required to pay Torres and her similarly situated security guard coworkers ("Members of the Class") overtime pay for all hours that these individuals worked for CPS in excess of 40 in any workweek.

25.. Torres worked over 40 hours in many workweeks that she worked for CPS.

26. Members of the Class worked over 40 hours in many workweeks that they worked for CPS.

27. CPS did not pay Torres time-and-a-half for any of the overtime hours that she worked for this Defendant.

28. Similarly, CPS did not pay the Members of the Class time-and-a-half for any of the overtime hours that they worked.

<u>Individual Liability</u>

29. CPS is a family-owned business. Defendants John Chambers and Christina Chambers are married and founded CPS in 2012.

30. They have direct control of the operations of the company and were instrumental in deciding that CPS would classify its hourly security guards as independent contractors.

31. James Chambers, Amber Chambers Arriaga and Allen Chambers are the children of John and Christina Chambers (collectively, "Individual Defendants").

32. Each of the Individual Defendants is involved in CPS's general day-to-day operations.

33. The Individual Defendants are, and have been, involved not only in the misclassification of Torres and her coworkers as independent contractors, but also in the manner in which Members of the Class are paid.

34. The Individual Defendants require Members of the Class to report their hours to them, either individually or through a supervisor, and then pay the workers through a random variety of means: by check and by computer apps such as PayPal, Venmo, Zelle, Cash App, and other non-payroll methods.

35. In the day-to-day operations of the business, the Individual Defendants regularly refer to the payment of their security guards as "payroll."

36. All of the Individual Defendants are involved in CPS's practice of paying security guards straight time and as though they were independent contractors.

37. The Individual Defendants are all "employers" under the FLSA, 29 U.S.C. § 203(d).

<u>Knowing Conduct</u>

38. Defendants intentionally misclassified Torres and her coworkers as independent contractors in order to try to avoid overtime pay and other responsibilities of the employment relationship, giving them an unfair advantage over the competition in the market.

39. Upon information and belief, CPS has charged at least some of its customers for overtime.

40. At least some of CPS's customers have paid for overtime, i.e., an extra amount of money reflecting the security guards working more than 40 hours in a week.

41. Instead of paying the workers this overtime surcharge, CPS and the Individual Defendants kept the money for themselves, in further evidence of Defendants' knowing violation of the FLSA.

42. In addition to the foregoing, Defendants are and were well aware of the overtime requirements of the FLSA because CPS was previously sued for overtime pay under the FLSA in Civil Action No. 5:17-cv-00004-C; *Ricky Sauseda v. Chambers Protective Services, Inc., et. al*.; In the United States District Court for the Northern District of Texas, Lubbock Division ("Prior Lawsuit").

43. CPS and its owners retained counsel to defend that lawsuit, and ultimately settled.

44. Despite their knowledge, or perhaps because of the knowledge in the Prior Lawsuit, Defendants created the payment scheme complained of herein, after the Prior Lawsuit.

45. Court documents in the Prior Lawsuit indicate that Defendants treated its security guards as employees and not independent contractors prior to January of 2017, when the Prior Lawsuit was filed.

46. The Defendants knowingly, willfully, or with reckless disregard carried out their

illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Members of the Class, in violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

47. Defendants violated the FLSA by failing to pay Torres and Members of the Class overtime pay for hours worked over 40 per workweek.

48. Torres and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

49. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

50. Defendants' failure to pay its security guard employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class: paying security guards and gate guards on an hourly basis, and not paying them time-and-a-half for hours worked over 40 in any workweek.

51. This generally applicable policy is prohibited by the FLSA.

52. Plaintiff's experience is typical of the experiences of the Members of the Class.

53. The class of similarly situated Plaintiffs is properly defined as:

> **All security guards and gate guards who are/were employed, engaged, or contracted by and paid on an hourly basis by Defendant Chambers Protective Services, Inc. during the three-year period preceding the filing of this Complaint.**

**Defendant, Jurisdiction, and Venue**

54. Defendant Chambers Protective Services, Inc. ("CPS") is a Texas corporation and an "employer" as defined by the FLSA. Defendant CPS may be served through its registered agent, Christina Chambers, at 6 W. Henderson Rd., Indian Lake, Texas 78566-4112, or wherever she may be found.

55. Defendant John Chambers is an individual and an "employer" as defined by the FLSA. Defendant John Chambers may be served with process at 6 W. Henderson Rd., Indian Lake, Texas 78566-4112, or wherever he may be found.

56. Defendant Christina Chambers is an individual and an "employer" as defined by the FLSA. Defendant Christina Chambers may be served with process at 6 W. Henderson Rd., Indian Lake, Texas 78566-4112, or wherever she may be found.

57. Defendant James Chambers is an individual and an "employer" as defined by the FLSA. Defendant James Chambers may be served with process at 6 W. Henderson Rd., Indian Lake, Texas 78566-4112, or wherever he may be found.

58. Defendant Amber Chambers Arriaga is an individual and an "employer" as defined by the FLSA. Defendant Amber Chambers Arriaga may be served with process at 6 W. Henderson Rd., Indian Lake, Texas 78566-4112, or wherever she may be found.

59. Defendant Allen Chambers is an individual and an "employer" as defined by the FLSA. Defendant Allen Chambers may be served with process at 6 W. Henderson Rd., Indian Lake, Texas 78566-4112, or wherever he may be found.

60. This Court has federal question jurisdiction under the FLSA, and venue is proper because Defendant has transacted business within this judicial district.

**Demand for Jury**

61. Plaintiff demands a trial by jury.

**Prayer for Relief**

Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons working as security guards or gate guards for, and who were paid on an hourly basis by, Chambers Protective Services, Inc. during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF MARISSA TORRES**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**