UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MARISSA TORRES,

    Plaintiff,

v.

CHAMBERS PROTECTIVE SERVICES, INC., et al.,

    Defendants.

No. 5:20-CV-212-H

### ORDER DENYING DEFENDANTS' OPPOSED MOTION FOR AN EXTENSION OF TIME TO SEEK DISCOVERY RELATED TO "SIMILARLY SITUATED" ISSUE

    Before the Court is defendants' Motion for An Extension of Time to Seek Discovery Related to "Similarly Situated" Issue. Dkt. No. 34. Defendants ask the Court to grant them an additional 60 days to complete discovery on the issue of whether the putative collective-action members in this Fair Labor Standards Act case are similarly situated. Because three of the four factors that courts consider when determining whether a party has shown good cause to justify a scheduling modification weigh against granting the requested discovery extension and only one factor weighs in favor of granting an extension, the Court denies the motion.

    Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." District courts have discretion to refuse to modify a scheduling order. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability

of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotations omitted).

Three of the relevant factors weigh against granting the motion, and only one factor weighs in favor of defendant's request. The first factor—the explanation for the failure to timely request additional discovery—weighs in favor of granting the motion. The Court issued an order setting May 7, 2021 as the deadline for the parties to request additional discovery regarding whether the individuals to whom plaintiff wants to provide notice are similarly situated. Dkt. No. 25 at 3. Defendants did not file their motion to extend this deadline until over two and a half months after it expired. Dkt. No. 34. However, defendants did recently hire new counsel. Dkt. No. 33. Defendants' new counsel—who did not appear in this case until the day they filed this motion—assert that they could not timely seek discovery because when the deadline passed, they had not been retained. Dkt. No. 34 at 7. Given the fact that defendants recently retained new counsel, the Court finds the first factor weighs in favor of granting their motion.

In contrast, the second factor—the importance of modification—weighs against granting the motion. As explained in Section 3(A) of the Court's Memorandum Opinion and Order Granting Plaintiff's Opposed Motion to Authorize Notice to Similarly Situated Workers, the additional discovery that defendants seek is either irrelevant to the determination of whether to grant notice or unnecessary.

Additionally, the third factor—the potential prejudice in allowing the modification— weighs against granting the motion. Under the FLSA, "[n]o employee shall be a party plaintiff to any [FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29

U.S.C. § 216(b). Thus, "the FLSA's statute of limitations continues to run on each individual's claim until they file their written consent to join the collective action with the court." *Wesley v. Experian Info. Sols., Inc.*, No. 4:18-CV-00005, 2018 WL 3105763, at *3 (E.D. Tex. June 25, 2018). Additionally, "[a]n employee cannot benefit from a collective action without 'accurate and timely notice[]' . . . ." *See Swales v. KLLM Transp. Services, L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021). Thus, as long as the Court has not granted notice, potential plaintiffs will not have the opportunity to participate in this collective action, and the statute of limitations on their claims continues to run. As a result, any delay in resolving plaintiff's motion to give notice may prevent potential plaintiffs from recovering on any claims they have if the statute of limitations for their claims lapses prior to the Court authorizing notice. Because granting defendants' motion to extend the time for discovery would delay the Court's resolution of Torres's motion, the Court finds that granting the motion would prejudice potential plaintiffs and, therefore, finds that the third factor weighs against granting the motion.

Finally, the fourth factor—the availability of a continuance to cure such prejudice—weighs against granting defendants' motion. Because the issue of whether to issue notice has been pending, the Court has not entered a scheduling order setting the trial date in this case. *See Swales*, 985 F.3d at 441 ("[A] district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly."). However, even if the Court had already set a trial date, a continuance would not remedy the prejudice that potential plaintiffs will suffer if they do not receive notice before the statute of limitations on their claims lapses.

Because three of the four factors relevant to the issue of whether a party has shown good cause for a scheduling modification weigh against a finding of good cause and only one weighs in favor of such a finding, the Court declines to extend the time that plaintiffs have to seek discovery on the similarly situated issue. Accordingly, the Court denies defendants' Motion for an Extension of Time to Seek Discovery. Dkt. No. 34.

So ordered on August 5, 2021.

                                              _____
                                              JAMES WESLEY HENDRIX
                                              UNITED STATES DISTRICT JUDGE