UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MARISSA TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>CHAMBERS PROTECTIVE SERVICES, INC., et al.,<br><br>    Defendants. | No. 5:20-CV-212-H |

### ORDER GRANTING AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Before the Court is the parties' Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (Dkt. No. 47) and Settlement Agreement and Release (Dkt. No. 48). "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, the Court must determine (1) that the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable." *Lee v. Metrocare Servs.*, No. 3:13-CV-2349-O, 2015 WL 13729679, at *1 (N.D. Tex. July 1, 2015).

"First, the Court must determine whether a bona fide dispute exists." *Id.* at 2 (citing *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255–56 (5th Cir. 2012)). Here, the parties disagree, among other things, as to whether Chambers Protective Services, Inc. (CPS) was legally required to pay Torres and her similarly situated coworkers overtime pay for hours they worked in excess of 40 hours per week. *Compare* Dkt. No. 1 ¶ 24 *with* Dkt. No. 18 ¶ 24. Disputes involving "amount of hours worked or compensation due" under the FLSA are bona fide disputes. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 630

(W.D. Tex. 2005); *see also Martin*, 688 F.3d at 254.  Therefore, a bona fide dispute exists in this case.

> Per the parties' joint motion:
>
> The Parties agree that the Settlement Agreement represents a fair and equitable compromise of a bona fide dispute under the FLSA.  Under this Agreement, Plaintiffs' counsel received payment of approximately one-half of fees billed in this matter, and all costs and expenses incurred, and the workers are receiving payment, net of attorney's fees and costs, of approximately 1.45 times their actual damages, paid in 2 installments.  *See* 29 U.S.C. §§ 216(b), 255, 260.

Dkt. No. 47 ¶ 7.  Therefore, the parties agree that the Settlement Agreement compensates the employee-plaintiffs for "their unpaid overtime compensation," other "liquidated damages," and attorneys' fees and costs under the FLSA's remedies provisions.  29 U.S.C. §§ 216(b), 260.

Second, prior to approving the Settlement Agreement, the Court must find that the resolution is fair and reasonable.  *See Lee*, 2015 WL 13729679, at *2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).  "In doing so, courts evaluate the proposed award, the attorney's fees, and the service payments to class representatives."  *Id.*  When evaluating a settlement award in the class-action context, courts must consider the following factors:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).  And, while "the class-action provisions of Federal Rule of Civil Procedure 23 technically do not apply to collective actions under the FLSA, Rule 23(e) is similar because it requires court approval to finalize a

proposed class action settlement. Thus, the Rule 23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action." *Lee*, 2015 WL 13729679, at *3 (citation omitted).

In the present case, there is no sign of fraud or collusion. The case is still at an early stage of litigation with no dispositive motions having been filed. The extent of discovery is unknown. However, the parties, including all opt-ins, agree that the Settlement Agreement is fair and reasonable. *See* Dkt. Nos. 47 ¶ 7; 48 at 8–13. And, per the parties, plaintiffs' counsel will receive half the fees billed and all costs incurred in this matter. Dkt. No. 47 ¶ 7. Moreover, net of all attorneys' fees and costs incurred, plaintiffs will still receive "1.45 times their actual damages, paid in two installments." *Id.* In addition, the indemnification, release, tax liability, confidentiality, and no-assignment provisions (Dkt. No. 48 ¶¶ 3, 4, 5, 10, 11) are common to many, if not most, FLSA-dispute settlement agreements that have been approved by the Northern District of Texas. *See, e.g.*, *Lee*, No. 3:13-CV-2349-O, Dkt. No. 195-1; *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, Dkt. No. 220-1.

Considering all these factors, the Court finds that the Settlement Agreement and Release (Dkt. No. 48) resolves a bona fide dispute and that the resolution it proposes is fair and reasonable. The parties' Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (Dkt. No. 47) is granted, and the Settlement Agreement and Release (Dkt. No. 48) is approved. The case is dismissed with prejudice.

So ordered on December 17, 2021.

                                             _____
                                             JAMES WESLEY HENDRIX
                                             UNITED STATES DISTRICT JUDGE